IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PATRICIA DELGADO ) | |
| ) | |
| Plaintiff, ) | |
| -vs- ) | No. 16-cv-1899 |
| ) | |
| THE UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendant. ) | |

**COMPLAINT AT LAW**

Now comes the Plaintiffs, PATRICIA DELGADO, by and through her attorneys, RICHARD J. ROSENBLUM and RUBIN, MACHADO & ROSENBLUM, and for her Complaint At Law against the UNITED STATES OF AMERICA, states as follows:

1. This action is brought pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2680 et. seq., over which exclusive jurisdiction is vested in the federal courts based on 28 U.S.C. § 1346(b).

2. On and before March 5, 2013, Plaintiff, Patricia Delgado was a resident of Will County, Illinois.

3. That SILVER CROSS HOSPITAL AND MEDICAL CENTERS ("SILVER CROSS"), is an Illinois Corporation providing medical services to the citizens of Will County, Illinois and has its principal place of business in Joliet, Illinois.

4. On, before and after March 5, 2013, and at all times relevant hereto, CHERYL THOMPSON- CRAGWELL, M.D. ("CRAGWELL") was a physician licensed to practice medicine in the State of Illinois, specializing in the field of obstetrics and gynecology.

5. On, before and after March 5, 2013, and at all times relevant hereto, CHERYL

1

THOMPSON- CRAGWELL, M.D. ("CRAGWELL") received a salary from defendant UNITED STATES OF AMERICA and was, therefore, an employee of defendant UNITED STATES OF AMERICA.

6. On before and after March 5, 2013, and at all times relevant hereto, SILVER CROSS operated a hospital and emergency department at or near, Joliet, Will County, Illinois, providing full hospital and emergency department services, through its actual and/or apparent agents and/or employees, including but not limited to CRAGWELL, and other nurses, physicians and medical personnel.

7. On, before and after March 5, 2013, Plaintiffs believed that CRAGWELL, along with the other health care providers at Silver Cross, who at various times wore name tags, scrubs and medical coats containing "Silver Cross Hospital," were all employees, agents and/or servants of Silver Cross Hospital.

8. Prior to March 5, 2013, Plaintiff Patricia Delgado was pregnant and being treated and followed by her regular doctor, Jeffrey Williams, D.O. at Will County Health Clinic.

9. This was Plaintiff's fifth child and all four previous children were delivered at Silver Cross.

10. Plaintiff had no medical issues during the course of the pregnancy at issue.

11. Plaintiff went into labor on March 5, 2013 and was admitted to Silver Cross Hospital for the child birth. Dr. Williams was not available to deliver Plaintiffs baby at the time and provided no medical care to Plaintiff on March 5, 2013 or at any relevant time thereafter.

12. On March 5, 2013, Plaintiff was admitted into Silver Cross, and was placed

under the direct care of CRAGWELL, the obstetrics and gynecology doctor on duty and working on behalf of SILVER CROSS on March 5, 2013.

13. Before March 5, 2013, Plaintiff DELGADO had no regular physician-patient relationship with CRAGWELL, and specifically on March 5, 2013, relied upon Defendant SILVER CROSS to provide competent doctors and nurses for her care and treatment and the delivery of her baby.

14. On March 5, 2013, CRAGWELL was assigned as Plaintiff DELGADO's physician as she was the "on duty" doctor of SILVER CROSS.

15. Plaintiff gave birth to her child, a female, on March 5, 2013, while under the care of CRAGWELL. CRAGWELL performed, supervised, monitored and delivered the spontaneous vaginal birth of Plaintiff's baby.

16. Prior to and up to the time of the child birth, there were no complications.

17. After giving birth, Plaintiff continued to have ongoing, active and heavy vaginal bleeding along with abdominal pain and cramping. Plaintiff also had low grade fevers throughout her admission and through the time of discharge.

18. On March 7, 2013, despite the ongoing and active post-delivery vaginal hemorrhaging, abdominal pain and cramping, Plaintiff was discharged from Silver Cross on the orders of CRAGWELL.

19. No effort was made by CRAGWELL or any of the on duty doctors or nurses of Silver Cross to stop the active bleeding or determine the source of the bleeding.

20. On March 7, 2013, upon discharge, in addition to pain medications, CRAGWELL prescribed Motrin to be orally taken every 6 hours.

21. Over the next two days, Plaintiff DELGADO had continuing and worsening

3

post-delivery vaginal hemorrhaging, and Plaintiff had increasingly severe cramping and stomach pains along with dizziness and nausea.

22. On March 9, 2013, Plaintiff DELGADO presented to Silver Cross' Emergency Department.

23. On March 9, 2013, CRAGWELL was the obstetrics and gynecology doctor on duty at the time Plaintiff presented to the Emergency Department.

24. On March 9, 2013, as the on duty obstetrics and gynecology doctor, CRAGWELL took over the care of Plaintiff DELGADO.

25. On March 9, 2013, via pelvic ultrasound ordered by CRAGWELL, it was determined that retained products of conception remained in Plaintiff's uterus following the child birth on March 5, 2013.

26. Plaintiff was in significant distress, and within 4 hours of presenting to the Emergency Department at Silver Cross was admitted to Silver Cross for urgent care due to her acutely ill state of well-being.

27. On March 9, 2013, upon admission to Silver Cross, Plaintiff remained under the care of the on duty physicians and nurses of Silver Cross, including CRAGWELL.

28. On March 11, 2013, Plaintiff underwent the surgical procedure of a dilitation & curettage for retained products of conception by CRAGWELL.

29. On and after March 9, 2013, CRAGWELL prescribed, and had administered, Coreg for Plaintiff's blood pressure, when such medication was contraindicated by Plaintiffs medical condition which aggravated Plaintiffs grave medical condition.

30. On and after March 9, 2013, CRAGWELL and the other attending physicians

4

prescribed and administered Toradol to Plaintiff while she was suffering from acute kidney damage when Toradol was contraindicated, which caused and/or further contributed to further renal damage to Plaintiff.

31. As a result of her grave medical condition, including persistent heavy hemorrhaging caused initially by the retained products of conception left inside Plaintiff post-delivery, Plaintiff was exposed to and/or developed and/or was treated for serious medical conditions, including, but not limited to, e-coli infection, a staph infection, sepsis, Acute Tubular Necrosis, TPP-HUS, cardiomyopathy and congestive heart failure, acute kidney injury, Disseminated Intra-vascular Coagulation, liver failure, respiratory failure, hypotension, septic shock, and renal damage. That on and after March 5, 2013, CRAGWELL, was then and there guilty of one or more of the following wrongful acts or omissions deviating from the standard of care common among physicians, surgeons and providers of their type in the State of Illinois:

1. Failed to properly perform the birth of plaintiff's child;

2. Performed a child birth but failed to remove all fragments of conception from Plaintiff's uterus after the child birth and prior to discharge;

3. Failed to properly evaluate and diagnose the Plaintiff's medical condition after the child birth;

4. Failed to properly observe, monitor, report, record and/or check Plaintiff DELGADO's vaginal discharge after the child birth;

5. Negligently discharged Plaintiff from Silver Cross before she was medically ready to be discharged;

6. Negligently discharged Plaintiff from Silver Cross despite unrelenting trans- vaginal hemorrhaging post-delivery;

7. Failed to properly evaluate and diagnose the Plaintiff's medical

5

       condition upon readmission to the Silver Cross Emergency Department two days after her initial discharge following the birth of her child;

8. Failed to explain to Plaintiff upon readmission to Silver Cross that retained products of conception were left in her at the time of child birth and was, in part, the cause of her continued post-delivery vaginal hemorrhaging;

9. Failed to properly diagnose the Plaintiff's condition and concurrently prescribed medications, including Coreg and Toradol which were contraindicated by Plaintiff's medical condition and further injured and worsened Plaintiff's medical condition;

32. That as a direct and proximate result of the aforementioned negligent acts and/or omissions the Plaintiff, DELGADO, was gravely injured, and then due to the ongoing negligent acts and/or omissions, required numerous additional procedures and life saving measures, and then developed permanent and/or life threatening medical conditions, including but not limited to e-coli, staph infection, sepsis, acute tubular necrosis, liver failure, kidney failure, pulmonary failure, renal damage, TPP-HUS and is permanently at risk for significant complications with additional pregnancies.

33. That as a direct and proximate result thereof the Plaintiff, DELGADO, was injured in her head, body and limbs, both internally and externally and she suffered bodily pain and injury from then until now and will continue so to suffer in the future; that she has expended and will in the future be compelled to expend large sums of money in endeavoring to be cured of her said injuries; that she has lost and will in the future lose large sums of money by reason of being unable to follow her usual occupation as a result of said injuries.

    WHEREFORE, Plaintiff, PATRICIA DELGADO, prays this Honorable court for

Judgment against the Defendant, UNITED STATES OF AMERICA, in such sum of money in excess of SEVENTY-FIVE THOUSAND ($75,000.00) DOLLARS.

                                            Respectfully submitted,

                                            ___/s/ Richard J. Rosenblum___
                                            By:   Richard J. Rosenblum
                                            ARDC No. 6196970
                                            RUBIN, MACHADO & ROSENBLUM, LTD.
                                            Attorneys for Plaintiff
                                            PATRICIA DELGADO
                                            225 W. Washington St., Suite 1600
                                            Chicago, Illinois   60606
                                            (312) 327-1840